IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALANA WINTER, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC, )<br>)<br>    Defendant. ) | Case No. 4:15-cv-00330-HEA |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Portfolio Recovery Associates, LLC ("Defendant") and for its Answer to Plaintiff's Complaint (Doc. 4) states as follows:

## INTRODUCTION AND JURISDICTION

1.    Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

2.    Paragraph 2 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

3.    Paragraph 3 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.  Further responding, Defendant denies that it engaged in any "illicit conduct."

4.    Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable

## PARTIES

5.    Defendant is without information sufficient to either admit or deny where Plaintiff resides and, and therefore denies the same.  Responding further, Defendant is without information sufficient to either admit or deny the remaining allegation in Paragraph 5, and therefore denies the same.

6.	Responding to the allegations in Paragraph 6, Defendant denies that it is a corporation, but admits it has offices in Virginia.  Further responding, Defendant admits that a portion of its business relates to the collection of debts and that it attempts to collect debts, but denies the remaining allegations contained in Paragraph 6.

7.	Responding to the allegations in paragraph 7, Defendant admits that a portion of its business relates to the recovery of debts in the State of Missouri and elsewhere.  Further responding, Paragraph 7 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

## FACTS

8.	Defendant is without information sufficient to either admit or deny the allegations in Paragraph 8, and therefore denies the same.

9.	Defendant denies the allegations in Paragraph 9.

10.	Defendant denies the allegations in Paragraph 10.

11.	Defendant denies the allegations in Paragraph 11.

12.	Defendant denies the allegations in Paragraph 12.

13.	Defendant is without information sufficient to either admit or deny the allegations in Paragraph 13, and therefore denies the same.

14.	Defendant denies the allegations in Paragraph 14.

15.	Defendant admits Plaintiff contacted Defendant on November 6, 2014 and asked Plaintiff to stop calling her.  Defendant denies the remaining allegations in Paragraph 15.

16.	Responding to Paragraph 16, Defendant admits that after it received no written request to cease communications to Plaintiff's cell phone, it placed three phone calls to Plaintiff after November 6, 2014, two of which went unanswered.  Defendant further states that upon receipt of a written request to cease calls to her cellular number, calls to that number ceased.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies that it received the letter described.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant is without information sufficient to either admit or deny the allegations in Paragraph 22, and therefore denies the same.

## COUNT I: ALLEGED VIOLATION OF THE FDCPA

23. Defendant incorporates by reference all of the above paragraphs.

24. Paragraph 24 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

25. Paragraph 25contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

26. Defendant denies the allegations in Paragraph 26, including all of its subparts.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate her damages, the existence of which damages Defendant specifically denies.

4. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

5. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendant's attorneys' fees as allowed by law.

Dated this 27th day of February, 2015.

    Respectfully submitted,

    SPENCER FANE BRITT & BROWNE LLP

    By: /s/ Joshua C. Dickinson
    Joshua C. Dickinson, #51446MO
    12925 West Dodge Road, Suite 107
    Omaha, NE 68154
    (402) 965-8600  (telephone)
    (402) 965-8601  (facsimile)
    jdickinson@spencerfane.com

    Patrick T. McLaughlin, #48633MO
    1 North Brentwood Blvd., Suite 1000
    St. Louis, MO  63105
    (314) 863-7733  (telephone)
    (314) 862-4656  (facsimile)
    pmclaughlin@spencerfane.com

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 27th day of February, 2015, with notice of case activity generated and sent electronically to:

Steven A. Donner
Matthew P. Cook
Aektra Legal, LLC
1108 Olive Street, Suite 200
St. Louis, MO 63111

*Attorneys for Plaintiff*

                                                       /s/ Joshua C. Dickinson