**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| Alana Winter, ) | |
| ) | Case No.: **4:15-cv-00330-HEA** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Portfolio Recovery Associates, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

**JOINT PROPOSED SCHEDULING PLAN**

COMES NOW Plaintiff, Alana Winter ("Plaintiff"), and Defendant, Portfolio Recovery Associates, LLC ("Defendant"), by and through their respective counsel, and pursuant to the Order of this Court dated March 11, 2015, submit their Report of Parties Rule 26(f) Planning Meeting and the following Joint Proposed Scheduling Plan:

1. <u>Track assignment</u>: The case has been assigned to Track 2 by the Court.

2. <u>Joinder of Additional Parties/Amendment of Pleadings</u>**:** All motions for leave to join additional parties and for leave to amend pleadings shall be made on or before **June 4, 2015**.

3. **Discovery Plan** –

    (a) <u>Electronically stored information</u>: The parties agree to narrowly tailor their discovery requests to avoid overly broad, unduly burdensome production of electronically stored information. Unless otherwise agreed upon, the parties shall produce electronically stored information in Portable Document Format ("PDF").

    (b) <u>Claims of privilege and/or work-product protection</u>: Inadvertent production of an otherwise privileged document shall not be deemed a waiver of its

privileged status. A party may "claw back" such production by notifying the other party of the inadvertent production, and the grounds for the assertion of privilege or work-product protection, as soon as possible after the producing party discovers the inadvertent production, at which point the receiving party shall cease further examination of the material and return and/or destroy the inadvertently produced document or documents. The parties anticipate filing a joint motion for entry of a protective order in this matter.

   (c) <u>Initial Disclosures</u>:  All parties shall disclose information and exchange documents pursuant to Rule 26(a)(1) on or before **May 4, 2015**.

   (d) <u>Discovery limitations</u>:  The discovery will not be conducted in phases nor limited to certain issues.

   (e) <u>Expert witness disclosure</u>:  Plaintiff and Defendant shall identify his expert witnesses, if any, and provide his experts' reports no later than **July 6, 2015**.

Plaintiff and Defendant shall make their expert witnesses available for deposition no later than **August 4, 2015**.

Any party may identify rebuttal expert witnesses and provide a copy of said experts' reports no later than **September 4, 2015**.

Any parties' rebuttal expert witnesses shall be made available for deposition no later than **October 14, 2015**.

   (f) <u>Deposition and interrogatory limits</u>:  The parties agree that the limitations to **10** depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and **25** interrogatories per side as set forth in Fed. R. Civ. P. 33(a) should apply in this case.

   (g) <u>Deposition and interrogatory limits</u>:  At this time the parties do not anticipate seeking physical or mental examinations of any parties.

    (h) <u>Close of discovery</u>:  The parties propose that all discovery shall be completed by December 20, 2015.

  4. <u>Alternative Dispute Resolution</u>: At this time the parties do not believe that a referral of the action to mediation or early neutral evaluation would be productive.

  5. <u>Dispositive motions</u>: The parties propose that all dispositive motions shall be filed on or before January 20, 2016.

  **6.** <u>Trial</u>: The parties suggests that this cause will be ready for trial no later than **<u>April 15, 2016</u>** or approximately **90 days** after the Court's ruling on any dispositive motions, whichever is later.

  7. **Trial Length** – The parties estimate that 3 days will be required to try this cause to verdict.

  At this time, the parties do not anticipate any other matters that need to be included in the Joint Scheduling Plan.

| | |
|---|---|
| Dated:  March 25, 2015 | Respectfully submitted, |
| ALANA WINTER | PORTFOLIO RECOVERY ASSOCIATES, LLC |
| By:  /s/ Steven A. Donner<br>Steven A. Donner, #63789MO<br>AEKTRA LEGAL, LLC<br>1108 Olive Street, Suite 200<br>St. Louis, MO 63101<br>Telephone:  (314) 240-5350<br>Email:  steve.donner@da-lawfirm.com | By:  /s/ Joshua C. Dickinson<br>Joshua C. Dickinson<br>SPENCER FANE, LLP<br>12925 W. Dodge RD, Suite 107<br>Omaha, NE 68154<br>Telephone:  (402) 965-8601<br>Email:  jdickinson@spencerfane.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2015, I filed the foregoing via ECF filing and have also sent a copy via U.S. mail, addressed as follows:

**Counsel for Defendant**

Joshua Dickinson
12925 West Dodge RD, Suite 107
Omaha, NE 68154

By:  /s/ Steven A. Donner